IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AARON MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-00181-KD-N |
| ) | |
| ROYAL OAK ENTERPRISES LLC; ) | |
| THE BRINKMAN CORPORATION; ) | |
| WINN DIXIE OF MONTGOMERY, ) | |
| LLC; JAMES WINN, et al. ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Motion to Remand (Doc. 7), Defendant's responses in opposition (Docs. 11, 12, 15) and Plaintiff's reply (Doc. 13). The Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration, and for the reasons stated herein, it is recommended that Plaintiff's Motion to Remand (Doc. 7, 13) be **DENIED**.

I. Background

On December 17, 2014, Plaintiff Aaron Miller ("Plaintiff") filed a complaint against Defendant Royal Oak Enterprises LLC ("Defendant") in the Circuit Court of Mobile County, Alabama. Doc. 1 at 8. On April 2 2015, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject-matter jurisdiction. *See generally* Doc. 1. Plaintiff has filed a Motion to Remand (Doc. 7) pursuant to 28

U.S.C. § 1447(c), arguing that Defendant has failed to meet its burden of demonstrating subject-matter jurisdiction in this action. Defendant has timely responded (Docs. 11, 12, 15) in opposition to the motion.

## II.     Analysis

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F. 3d 1365, 1367 (11th Cir. 1994)).

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."[1] 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."). "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal

---

[1] Like the present action, *Roe* expressly considered the propriety of removal "under the first paragraph of § 1446(b)…" 613 F.3d at 1061 n.4.

jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F. 3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F. 3d at 411 (citation omitted)).

Defendant's sole basis for removal is diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Darden v. Ford Consumer Finance Co.*, 200 F. 3d 753, 755 (11th Cir.2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *Triggs v. John Crump Toyota, Inc .*, 154 F. 3d 1284, 1287 (11th Cir.1998) (similar). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F. 3d 1255, 1268 (11th Cir.2000) (citations omitted).

In its notice of removal, Defendant has properly alleged facts establishing that this is a civil action "between citizens of different States[,]"[2] (28 U.S.C. §

---

[2] Specifically, Plaintiff, a natural person, is alleged to be a citizen of Alabama, while Defendants are alleged to be citizens of Georgia, Texas, Florida, and Mississippi. *See*  28 U.S.C. § 1332(c)(1)

1332(a)(1)) and Plaintiff does not challenge the allegations supporting diversity of citizenship. Doc. 11 at 4. Plaintiff does, however, challenge whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Doc. 7.

Plaintiff's complaint alleges state law claims for negligence, wantonness, Alabama Extended Manufacturers Liability Doctrine (AEMLD), and breach of implied and express warranty. Doc. 1 at 11-18. These claims arise from Plaintiff's injuries allegedly caused by Defendant's product. *Id.* The complaint does not plead a specific amount of damages, instead demanding "compensatory and punitive damages" under each count. *Id.*

The Eleventh Circuit has held that where a complaint specifically claims damages less than the requisite jurisdictional amount for diversity jurisdiction, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount to keep a removed case in federal court. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1994). However, when the complaint contains an unspecified demand for damages, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1356–57 (11th Cir. 1996); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d

---

(generally, "for the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

While Plaintiff has also sued fictitious defendants, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

4

1298, 1301 (M.D. Ala. 1999). "In cases where plaintiff has made such an unspecified damages demand, 'a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer.' " *Moss*, 43 F. Supp. 2d at 1301 (citing *Tapscott*, 77 F. 3d at 1356–57).

Plaintiff contends that the amount in controversy is below the $75,000 threshold. To support this contention Plaintiff has submitted a stipulation stating: "that under no circumstances shall Plaintiff seek nor accept more than $75,000 even if the jury verdict exceeds that amount." Doc. 13. Plaintiff's only other statement is that based on this stipulation the amount in controversy is not met and this court does not have jurisdiction. *Id.*

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F. 3d at 1061 (quotation omitted). *See also Williams*, 269 F.3d at 1319 ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F. 3d at 1061 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744 (11th Cir. 2010)). The Eleventh Circuit has explained that "if the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has

5

jurisdiction. If not, the court must remand." *Lowery*, 483 F.3d at 1211. Moreover, because "the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents," if that evidence is inadequate to establish jurisdiction, then "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15 (footnotes omitted). "The existence of jurisdiction should not be divined by looking to the stars." *Id.* at 1215.

Defendant's response to Plaintiff's motion to remand makes the following allegations in support of requisite amount in controversy, appearing to argue that the amount in controversy is apparent from the supporting exhibits:

> Looking at the facts of this case, it is clear the amount in controversy at the time of removal exceeded the $75,000 jurisdictional threshold. Plaintiff made pre-removal settlement demands of $750,000 and $250,000. These demands far exceed the jurisdictional limit provided in § 1332. Plaintiff supported these demands with specific allegations of medical expenses and lost wages totaling $348,146, well above the jurisdictional limit.

Doc. 11 at 6, ¶1 (internal citations omitted).  Defendant notes that post removal stipulations cannot divest the court of jurisdiction. *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F. 3d 1287, 1291 (11th Cir. 2000).  The Eleventh Circuit stated that, "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."  *Id*.  In the case at hand, the Plaintiff's stipulation regarding the amount in controversy is an example of an "event[ ] occurring after removal". *See id.*

6

Considering the evidence of the amount in the pre-removal demands, Plaintiff's stipulation is not a valid assertion of the amount in controversy.[3] Instead, it is an attempt to persuade the court to remand based on new facts. In assessing whether it has subject matter jurisdiction over a case removed after service of the initial complaint, this Court must determine whether subject matter jurisdiction existed at the time of the removal. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010); *Poore*, 218 F. 3d 1287, 1290–91 (11th Cir. 2000); *Sierminski v. Transouth Fin. Corp.*, 216 F. 3d 945, 949 (11th Cir. 2000) (jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable *only if relevant to that period of time*) (emphasis added); *Moss*, 43 F. Supp. 2d at 1303. There is nothing in Plaintiff's Motion to Remand that relates the stipulation back to a time at or before the notice of removal. *See* Docs. 7, 13. Conversely, Defendant has offered evidence suggesting that the amount in controversy exceeded the statutory limit. Doc. 11-1 at 5; Doc. 11-2 at 2. The demand letters sent to the Defendant by Plaintiff prior to the filing of the claim suggest an amount in controversy far exceeding $75,000. *Id.* These demands are, furthermore, supported by the Plaintiff's own calculations, including a combination of medical bills and lost wages that totaled in excess of $345,000. Doc. 11-1 at 5. This evidence is enough to prove, beyond a preponderance, that damages exceed the jurisdictional limit. *See Roe*, 613 F.3d at 1061-62 (citations omitted).

---

[3] The Court notes that this is a proper post-removal stipulation that would give cause to remand if there was no evidence of pre-removal demand. *Moss v. Voyager Ins. Companies*, 43 F. Supp. 2d 1298, 1303 (M.D. Ala. 1999)(A binding stipulation on the amount plaintiff will accept, is enough to divest the court of jurisdiction, when only evidence offered by defendant was jury verdicts from similar cases).

That said, it is not true that "post-removal facts must **never** be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal." *Land Clearing Co., LLC v. Navistar, Inc.,* Civil Action No. 11–0645–WS–M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.) (emphasis in original) (citing *Pretka*, 608 F.3d at 772–73; and *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). *Accord Davison*, 2013 WL 4012654, at *3.

> "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009). Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal.

*Land Clearing*, 2012 WL 206171, at *3.

Plaintiff's stipulation directly contradicts the amounts demanded by Plaintiff prior to removal. This stipulation appears to amount to more than a post-removal clarification. Under these circumstances, Defendant has met its burden in proving, beyond a preponderance of the evidence, that the amount in controversy requirement is met.

### III.   Conclusion

For the foregoing reasons, it is the recommendation of the undersigned that removal was proper and federal subject-matter jurisdiction properly lies pursuant to

28 U.S.C. § 1332. Accordingly, it is recommended that Plaintiff's Motion for Remand (Docs. 7, 13) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of May 2015.

>  /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**